**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| K.MIZRA LLC,<br><br>Plaintiff,<br>v.<br><br>BROADCOM INC. AND BROADCOM CORP.,<br><br>Defendants. | C.A. No. 7:25-cv-164-DC-DTG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT BROADCOM CORP.'S OPPOSED MOTION TO DISMISS**

## TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF THE ARGUMENT ............................................. 1
II. STATEMENT OF RELEVANT FACTS .................................................................................. 2
III. LEGAL STANDARDS ............................................................................................................... 3
IV. ARGUMENT ................................................................................................................................ 4
    A. K.Mizra's Pre-Suit Indirect Infringement Claims Should be Dismissed. ......................... 4
    B. K.Mizra's Pre-Suit Willful Infringement Claims Should be Dismissed. ......................... 6
V. CONCLUSION ............................................................................................................................. 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
   620 F. App'x 934 (Fed. Cir. 2015) ...................................................................................3

*Amacker v. Renaissance Asset Mgmt. LLC*,
   657 F.3d 252 (5th Cir. 2011) ............................................................................................3

*BillJCo, LLC v. Apple Inc.*,
   583 F. Supp. 3d 769 (W.D. Tex. B022) .......................................................................5, 6

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ...........................................................................................3

*Colida v. Nokia, Inc.*,
   347 F. App'x 568 (Fed. Cir. 2009) ................................................................................3, 6

*Global-Tech. Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) ..........................................................................................................5

*Milofsky v. Am. Airlines, Inc.*,
   404 F.3d 338 (5th Cir. 2005) ............................................................................................3

*Motion Offense, LLC v. Dropbox, Inc.*,
   No. 6:23-CV-303-ADA, 2024 WL 5185355, at *1 (W.D. Tex. Aug. 26, 2024) ...............3, 4, 7

*Ocean Semiconductor LLC v. Analog Devices, Inc.*,
   698 F. Supp. 3d 204 (D. Mass. 2023) ..............................................................................4

*Parity Nets., LLC v. Cisco Sys., Inc.*,
   No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26,
   2019) .................................................................................................................................3

*USC IP P'ship, L.P. v. Facebook, Inc.*,
   No. 6:20-CV-00555-ADA, 2021 WL 3134260 (W.D. Tex. July 23, 2021) .............4, 6, 7

*Xiros, Ltd. v. Depuy Synthes Sales, Inc.*,
   No. W-21-CV-00681-ADA, 2022 WL 3592449 (W.D. Tex. Aug. 22, 2022) ...........4, 5, 6

**Statutes**

35 U.S.C. § 271(b) .......................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 12 ................................................................................................................1

Fed. R. Civ. P. 12(b)(6) ...............................................................................................1, 3, 7

Pursuant to Federal Rule of Civil Procedure 12, Defendant Broadcom Corp. respectfully brings this motion to dismiss K.Mizra's claims of indirect infringement and willful infringement (Dkt. 1, ¶¶ 26-27, 29, 41-42, 44-45) for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

I.   INTRODUCTION AND SUMMARY OF THE ARGUMENT

In the present case, K.Mizra alleges that Broadcom Corp. and Broadcom Corp. infringes two different U.S. patents: U.S. Patent Nos. 8,374,154 (the "'154 patent") and 8,873,531 (the "'531 patent") (collectively, the "Asserted Patents") through their sale and use of WiFi-5 and WiFi-6 enabled products. Dkt. 1, ¶¶ 14-25, 30-40. Additionally, K.Mizra alleges Broadcom Corp. willfully infringes the Asserted Patents and indirectly infringement of the Asserted Patents through their own and their customer's use and sale of the accused WiFi products. *Id.* ¶¶ 26-27, 29, 41-42, 44-45. But K.Mizra fails to allege sufficient facts to support a claim that Broadcom Corp. indirectly or willfully infringed the Asserted Patents.

Both indirect and willful infringement require (1) knowledge of the Asserted Patents and (2) knowledge that the accused products infringe the Asserted Patents. In its Complaint, Plaintiff merely states K.Mizra provided notice of Asserted Patents and their alleged infringement by "representative Broadcom products … to multiple Broadcom entities … prior to filing this lawsuit." Dkt. 1, ¶ 13. This is a conclusory allegation: K.Mizra does not attach or detail any actual correspondence from K.Mizra to Broadcom Corp. or any related Broadcom entity evidencing such notice. Nor does K.Mizra allege the "multiple Broadcom entities" includes **Broadcom Corp.**, or identify the "representative Broadcom products" as those that are accused in this Action. Accordingly, K.Mizra fails to plead facts that support a plausible conclusion that it was **Broadcom Corp.**—and not another Broadcom entity—that was provided notice of the Asserted Patents—or to support a plausible conclusion that Broadcom Corp. had knowledge that the same products

1

named in the Complaint were at risk of infringing the specific Asserted Patents. Thus, this Court should dismiss K.Mizra's claim for indirect and willful infringement for failure to alleged sufficient facts to plausibly support a claim.

## II.     STATEMENT OF RELEVANT FACTS

K.Mizra does not separately allege pre-suit knowledge of the Asserted Patents or any alleged risk of infringement for Broadcom Inc. and Broadcom Corp. Instead, K.Mizra alleges that it "provided notice of infringement of the Asserted Patents by representative Broadcom products on multiple occasions—and to multiple Broadcom entities and individuals—prior to filing this lawsuit." Dkt. 1, ¶ 13.

K.Mizra alleges that Broadcom Corp. indirectly infringes the Asserted Patents by inducing infringement of third-parties under 35 U.S.C. § 271(b). Dkt. 1, ¶¶ 26-27, 41-42. In support of its induced infringement claim, K.Mizra alleges "Broadcom had knowledge of the [Asserted Patents] and [their] infringements since notice was provided by K. Mizra and/or filing of this complaint." *Id.*, ¶¶ 26, 41. K.Mizra additionally alleges that Broadcom Corp. has acted "with knowledge, or with willful blindness to the fact, that the acts constitute infringement of the [Asserted Patents]." *Id.*, ¶¶ 27, 42. K.Mizra provides no factual allegations regarding any affirmative act by Broadcom Corp. to remain willfully blind; further, K.Mizra does not attach any correspondence or other evidence of alleged notice to the Complaint.

K.Mizra additionally alleges that Broadcom Corp. willfully infringes the Asserted Patents. *Id.*, ¶¶ 29, 44-45. In support of its willful infringement claims, K.Mizra alleges that "Broadcom was placed on notice of its infringement prior to filing of this complaint." *Id.*, ¶ 45. K.Mizra additionally alleges that "Broadcom was (and is) willfully blind to the Asserted Patents and [their] application to the Accused Products." *Id.* Again, K.Mizra provides no factual allegations identifying any affirmative act by Broadcom Corp. to remain willfully blind.

### III.  LEGAL STANDARDS

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege sufficient facts that, taken as true, state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011). Courts are not required to accept as true "conclusory allegations or unwarranted deductions of fact." *Milofsky v. Am. Airlines, Inc.*, 404 F.3d 338, 341 (5th Cir. 2005). Rather, "the complaint must have sufficient 'facial plausibility' to 'allow[] the court to draw the reasonable inference that the defendant is liable." *Colida v. Nokia, Inc.*, 347 F. App'x 568, 570 (Fed. Cir. 2009) (alteration in original). And "[t]he plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (alteration in original).

To state a claim for indirect and willful infringement, a plaintiff must plead sufficient facts to conclude the accused infringer (1) knew of the Asserted Patents and (2) knew of the risk of infringement. *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) ("To state a claim for induced infringement, a plaintiff must allege that the defendant knew of the patent and that the induced acts constitute patent infringement."); *Motion Offense, LLC v. Dropbox, Inc.*, No. 6:23-CV-303-ADA, 2024 WL 5185355, at *1 (W.D. Tex. Aug. 26, 2024) ("To state a claim for relief for willful patent infringement, a plaintiff must allege facts plausibly showing that the accused infringer: '(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.'" (quoting *Parity Nets., LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019))).

While filing and serving a complaint may provide the knowledge requirements for post-suit indirect and willful infringement claims, a Court should dismiss pre-suit indirect and willful infringement claims where the complaint fails to adequately plead knowledge of the patents and infringement *prior* to filing suit. *Motion Offense, LLC*, 2024 WL 5185355, at *1, *3; *USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6:20-CV-00555-ADA, 2021 WL 3134260, at *2 (W.D. Tex. July 23, 2021). Where a complaint asserts both pre-suit and post-suit indirect and willful infringement, a Court should dismiss pre-suit claims that fail to meet the pleading standard. *Motion Offense, LLC*, 2024 WL 5185355, at *1; *USC IP P'ship, L.P.*, 2021 WL 3134260, at *2.

## IV.   ARGUMENT

### A. K.Mizra's Pre-Suit Indirect Infringement Claims Should be Dismissed

K.Mizra's pre-suit indirect infringement claims should be dismissed because they fail to adequately plead Broadcom Corp. had knowledge of the Asserted Patents or knew that accused WiFi products infringe. Instead, K.Mizra only pleads conclusory allegations that "K.Mizra provided notice of infringement of the Asserted Patents by representative Broadcom products on multiple occasions—and to multiple Broadcom entities and individuals—prior to filing this lawsuit." Dkt. 1, ¶ 13. But K.Mizra does not identify **Broadcom Corp.** as the Broadcom entity that was provided notice. In order to plead knowledge of the asserted patents, a complaint must allege facts sufficient to conclude that the named defendant—not its corporate affiliates—had knowledge of those patents. *Xiros, Ltd. v. Depuy Synthes Sales, Inc.*, No. W-21-CV-00681-ADA, 2022 WL 3592449, at *3–5 (W.D. Tex. Aug. 22, 2022) (dismissing pre-suit indirect claim because the complaint failed to plead plausible facts to impute knowledge of the patent to a corporate affiliate). Moreover, the complaint is devoid of any factual allegations to support the inference that the "representative Broadcom products" identified by K.Mizra are the same mapped to the Asserted Patents in the Complaint. *Ocean Semiconductor LLC v. Analog Devices,*

4

*Inc.*, 698 F. Supp. 3d 204, 210 (D. Mass. 2023) (holding there could be no knowledge of infringement where a pre-suit letter did not identify the specific accused product that related to the asserted patent). Finally, because K.Mizra failed to attach any correspondence with any Broadcom entity, the Complaint fails to provide any support for K.Mizra's conclusory allegation that it provided notice of the Asserted Patents and infringement. *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 776-78 (W.D. Tex. B022) (dismissing indirect infringement claim where the patentee failed to attach the notice letter and did not plead any facts regarding its contentions because there were insufficient facts to show the accused infringer had pre-suit knowledge of infringement).

      K.Mizra's allegations that Broadcom Corp. was "willfully blind" to the risk of infringement does not save its conclusory allegations. K.Mizra alleges Broadcom Corp. acted "with willful blindness to the fact, that the acts constitute infringement of the [Asserted Patents]." Dkt. 1, ¶¶ 27, 42. Beyond this conclusory statement, K.Mizra does not identify any act taken by Broadcom Corp. to deliberately shield itself from knowledge of infringement. *Xiros, Ltd.*, 2022 WL 3592449, at *4 ("A showing of willful blindness requires that '(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact.'" (quoting *Global-Tech. Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 763 (2011))). K.Mizra's failure to provide factual allegations of a deliberate act to avoid knowledge of infringement does not meet the required pleading standard. *Id.*

      K.Mizra fails to plead anything beyond a conclusory statement that it provided pre-suit notice of the patents to *some* Broadcom entity. But this is not enough to raise a plausible inference that it was **Broadcom Corp.** that received notice of the Asserted Patents or that the notice itself

identified the WiFi products accused here. Accordingly, K.Mizra only raises a speculation that **Broadcom Corp.** knew of the Asserted Patents and risk of infringement. *Colida*, 347 F. App'x at 570. Though K.Mizra alternatively claims the Complaint provides sufficient knowledge of the Asserted Patents and infringement, that does not save K.Mizra's insufficient factual allegations to support pre-suit knowledge. *USC IP P'ship, L.P.*, 2021 WL 3134260, at *2. Thus, the Court should dismiss K.Mizra's pre-suit induced infringement claims. Dkt. 1, ¶¶ 26-27, 41-42.

### B. K.Mizra's Pre-Suit Willful Infringement Claims Should be Dismissed

K.Mizra's pre-suit willful infringement claim should be dismissed for the same reason as the indirect infringement claim: K.Mizra fails to adequately plead knowledge of the patents and infringement. Again, K.Mizra provides only conclusory statements that it provided "notice of [Broadcom Corp.'s] infringement prior to filing of [the] complaint." Dkt. 1, ¶ 45. K.Mizra provides no factual allegations that it was Broadcom Corp.—and not another Broadcom entity—that received notice of the Asserted Patents or that the notice identified the WiFi products named in the complaint. *Xiros, Ltd.*, 2022 WL 3592449, at *3–5. Moreover, K.Mizra's failure to attach its correspondence with the "multiple Broadcom entities" or describe their contents renders K.Mizra's willfulness allegations nothing more than speculative and conclusory statements. *BillJCo.*, 583 F. Supp. 3d at 776-78. Such bare conclusory allegations are insufficient to plead willful infringement. *Colida*, 347 F. App'x at 570.

As discussed above, K.Mizra relies on an allegation that "Broadcom was (and is) willfully blind to the Asserted Patents and [their] application to the Accused Products." Dkt. 1, ¶ 45. K.Mizra fails to identify or plead an affirmative act Broadcom Corp. took to avoid learning of infringement. Such bare conclusions are not sufficient to plead willful blindness to the knowledge of patents or infringement. *Xiros, Ltd.*, 2022 WL 3592449, at *4.

Because K.Mizra fails to plead facts supporting a plausible inference that Broadcom Corp. knew of the patents and infringement, K. Mizra has failed to plead pre-suit willful infringement. Again, K.Mizra's post-suit willfulness claims do not save its deficient pre-suit willfulness claims. *Motion Offense, LLC*, 2024 WL 5185355, at *1, *3; *USC IP P'ship, L.P.*, 2021 WL 3134260, at *2. Thus, the Court should dismiss K.Mizra's pre-suit willful infringement claims. Dkt. 1, ¶¶ 29, 44-45.

## V. CONCLUSION

For the foregoing reasons, Broadcom Corp. respectfully requests that the Court grant its motion and dismiss K.Mizra's claims of indirect infringement and willful infringement for failure to state a claim upon which relief may be granted, under Fed. R. Civ. P. 12(b)(6).

Dated: June 6, 2025

Respectfully submitted,

By: */s/ Steve Borgman*
Steve R. Borgman
Texas State Bar No. 02670300
KILPATRICK TOWNSEND & STOCKTON LLP
700 Louisiana, Suite 4300
Houston, Texas 77002
sborgman@ktslaw.com
Phone: (281) 809-4081
Fax:    (281) 990-6826

Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
pamstutz@scottdoug.com
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

*Attorneys for Defendant Broadcom Corp.*

## CERTIFICATE OF CONFERENCE

Pursuant to LR CV-7(g) and the Court's Standing Order Governing Procedures (OGP) 4.4 – Patent Cases, counsel for Defendant Broadcom Corp. confirms that they have complied with the meet and confer requirement. Counsel for Defendant Broadcom Corp. further states that Steven R. Borgman and Kevin M. Bell met and conferred by telephone on June 4, 2025, with Pat Conroy and Peter Tong, counsel for the Plaintiff, regarding the substance of this motion, including but not limited to Broadcom Corp.'s motion to dismiss Plaintiff's claims of indirect infringement and willful infringement and the potential for an agreement to dismiss such claims as set forth in the OGP. Plaintiff opposes the Motion to Dismiss.

/s/ Steve Borgman<br>
Steve R. Borgman

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2025, a true and correct copy of the foregoing was served on all counsel of record deemed to have agreed to be served electronically by filing the same with the Court's CM/ECF system, which will send notifications of such filing to all counsel of record.

/s/ Steve Borgman<br>
Steve R. Borgman