**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| K.MIZRA LLC, | |
| | C.A. No. 7:25-cv-164-DC-DTG |
| Plaintiff, | |
| v. | |
| | **JURY TRIAL DEMANDED** |
| BROADCOM INC. AND BROADCOM CORP., | |
| | |
| Defendants. | |

**DEFENDANT BROADCOM INC.'S OPPOSED MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT ............................................ 1

II.   STATEMENT OF RELEVANT FACTS ............................................................................ 2

    A.   Allegations Relevant to Broadcom Inc.'s Motion to Dismiss for Lack of Proper
        Venue ....................................................................................................................... 2

    B.   Additional Facts Relevant to the Corporate Residency of Broadcom Inc. ...................... 3

    C.   Allegations Relevant to Broadcom Inc.'s Motion to Dismiss Indirect and Willful
        Infringement ............................................................................................................ 3

III.  LEGAL STANDARDS ..................................................................................................... 4

    A.   Venue in Patent Cases ............................................................................................... 4

    B.   Failure to State a Claim Under Rule 12(b)(6) .............................................................. 6

IV.   ARGUMENT ................................................................................................................... 7

    A.   Venue Is Improper in the Western District of Texas for Broadcom Inc. ......................... 7

        1.   Venue is Not Proper Because Broadcom Inc. Does Not Reside in This
            District. ........................................................................................................... 7

        2.   Venue is Not Proper Because Broadcom Inc. Does Not Have a Regular and
            Established Place of Business in This District ........................................................ 8

        3.   There are No Plausible Allegations to Impute Subsidiary Broadcom Corp.
            Presence in this District to Corporate Parent Broadcom Inc. ................................... 11

    B.   K.Mizra's Pre-Suit Indirect Infringement Claims Should be Dismissed ........................ 13

    C.   K.Mizra's Pre-Suit Willful Infringement Claims Should be Dismissed ........................ 15

V.    CONCLUSION ............................................................................................................... 16

## TABLE OF EXHIBITS

| No. | Description |
|-----|-------------|
| A | Delaware Business Search Records for Broadcom Inc. |
| B | Texas Records on Corporate Activity of Broadcom Inc. |
| C | Declaration of Ryan D. Phillips |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ...................................................................6

*Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*,
450 F. App'x 326 (5th Cir. 2011) ...................................................................10

*Amacker v. Renaissance Asset Mgmt. LLC*,
657 F.3d 252 (5th Cir. 2011) ...........................................................................6

*Ambraco, Inc. v. Bossclip B.V.*,
570 F.3d 233 (5th Cir. 2009) .......................................................................5, 8

*Andra Grp., LP v. Victoria's Secret Stores*,
L.L.C., 6 F.4th 1283 (Fed. Cir. 2021) ...............................................7, 8, 9, 10, 11

*B/E Aerospace, Inc. v. Zodiac Aerospace*,
No. 2:16-cv-01417-JRG-RSP, 2018 WL 7140299 (E.D. Tex. Nov. 30, 2018) .....................12

*Bd. of Regents v. Medtronic PLC*,
No. A-17-CV-0942-LY, 2018 WL 4179080 (W.D. Tex. July 19, 2018) ....................9, 11, 12

*BillJCo, LLC v. Apple Inc.*,
583 F. Supp. 3d 769 (W.D. Tex. B022) .....................................................14, 15

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ..........................................................................6

*Cannon Mfg. Co. v. Cudahy Packing Co.*,
267 U.S. 333 (1925)...............................................................................10, 12

*Celgene Corp. v. Mylan Pharms. Inc.*,
17 F.4th 1111 (Fed. Cir. 2021) .....................................................................8, 13

*Colida v. Nokia, Inc.*,
347 F. App'x 568 (Fed. Cir. 2009) ...............................................................6, 15

*In re Cray Inc.*,
871 F.3d 1355 (Fed. Cir. 2017)......................................................................5, 8

*Delta Elecs., Inc. v. Vicor Corp.*,
No. WA-23-CV-00726-KC, 2024 WL 1200328 (W.D. Tex. Mar. 20, 2024) ..........................5

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018)...........................8

*Global-Tech. Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)........................................................................................................14

*Intirion Corp. v. Coll. Prods.*,
669 F. Supp. 3d 650 (W.D. Tex. 2023)...................................................................4, 5, 7

*Jackson v. Tanfoglio Giuseppe, S.R.L.*,
615 F.3d 579 (5th Cir. 2010) ........................................................................................13

*Koss Corp. v. Bose Corp.*,
No. 6-20-CV-00661-ADA, 2021 WL 7541417 (W.D. Tex. June 22, 2021) ...........................7

*MDSave, Inc. v. Sesame, Inc.*,
No. 6:21-CV-01338-ADA, 2023 WL 353998 (W.D. Tex. Jan. 11, 2023) ...............................7

*Milofsky v. Am. Airlines, Inc.*,
404 F.3d 338 (5th Cir. 2005) ..........................................................................................6

*Motion Offense, LLC v. Dropbox, Inc.*,
No. 6:23-CV-303-ADA, 2024 WL 5185355, at *1 (W.D. Tex. Aug. 26, 2024).......................6

*Nat'l Steel Car Ltd. v. Greenbrier Cos., Inc.*,
No. 6:19-cv-00721-ADA, 2020 WL 4289388 (W.D. Tex. July 27, 2020)...........................10

*Ocean Semiconductor LLC v. Analog Devices, Inc.*,
698 F. Supp. 3d 204 (D. Mass. 2023) ...........................................................................14

*Optic153 LLC v. Thorlabs Inc.*,
No. 6:19-CV-00667-ADA, 2020 WL 3403076 (W.D. Tex. June 19, 2020)
.........................................................................................................................9, 10, 11, 13

*Parity Nets., LLC v. Cisco Sys., Inc.*,
No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26,
2019) ..............................................................................................................................7

*Sightline Payments, LLC v. Everi Holdings Inc.*,
No. 6:21-CV-01015-ADA, 2022 WL 2078215 (W.D. Tex. June 1, 2022)
.........................................................................................................................6, 10, 12, 13

*Soverain IP, LLC v. AT&T, Inc.*,
No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158 (E.D. Tex. Oct. 31, 2017)
.........................................................................................................................9, 10, 11, 12

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
581 U.S. 258 (2017)..........................................................................................................5

v

*USC IP P'ship, L.P. v. Facebook, Inc.*,
No. 6:20-CV-00555-ADA, 2021 WL 3134260 (W.D. Tex. July 23, 2021)..................7, 15, 16

*Xiros, Ltd. v. Depuy Synthes Sales, Inc*.,
No. W-21-CV-00681-ADA, 2022 WL 3592449 (W.D. Tex. Aug. 22, 2022)
.................................................................................................................13, 14, 15, 16

*In re ZTE (USA), Inc.*,
890 F.3d 1008 (Fed. Cir. 2018)..................................................................................5

**Statutes**

28 U.S.C. § 1400(b) .......................................................................................3, 5, 7, 8

28 U.S.C. § 1400(b) ...........................................................................................13

35 U.S.C. § 271(b) ............................................................................................4

**Other Authorities**

Fed. R. Civ. P. 12 ............................................................................................1

Fed. R. Civ. P. 12(b)(3).................................................................1, 4, 5, 8, 13, 16

Fed. R. Civ. P. 12(b)(6).......................................................................1, 6, 16

Pursuant to Federal Rule of Civil Procedure 12, Defendant Broadcom Inc. respectfully brings this motion to dismiss on two grounds. First, Broadcom Inc. moves to dismiss Plaintiff K.Mizra LLC's ("K.Mizra") Complaint (Dkt. 1) for improper venue under Fed. R. Civ. P. 12(b)(3). Second, Broadcom Inc. moves to dismiss K.Mizra's claims of indirect infringement and willful infringement (Dkt. 1, ¶¶ 26-27, 29, 41-42, 44-45) for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

## I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT

In the present case, K.Mizra alleges that Broadcom Inc. infringes two different U.S. patents: U.S. Patent Nos. 8,374,154 (the "'154 patent") and 8,873,531 (the "'531 patent") (collectively, the "Asserted Patents") through their sale and use of WiFi-5 and WiFi-6 enabled products. Dkt. 1, ¶¶ 14-25, 30-40. But K.Mizra's claims in this Court against Broadcom Inc. lack legally sufficient procedural or factual bases.

First, venue is improper as to Broadcom Inc. Contrary to the allegation in the Complaint (Dkt. 1, ¶ 2, 7), Broadcom Inc. is incorporated in Delaware with its principal place of business in California. Broadcom Inc. is not registered nor licensed to do business in Texas and, relatedly, does not have any registered agent in Texas. Further, Broadcom Inc. does not have any established place of business in Texas—let alone in this District. Pursuant to the unique patent venue statute, venue in this District is thus improper with respect to Broadcom Inc. K.Mizra's cursory venue allegation in the Complaint incorrectly relies on the former place of business of a ***subsidiary*** of Broadcom Inc., namely co-defendant Broadcom Corp. (*See id*.) But as this District has recognized, it is generally improper to treat the place of business of a subsidiary as the place of business of the corporate parent for the purposes of the patent venue statute. This Court should therefore dismiss Broadcom Inc. for lack of proper venue.

Second, K.Mizra fails to allege sufficient facts to support a claim that Broadcom Inc. indirectly or willfully infringed the Asserted Patents. Both indirect and willful infringement require (1) knowledge of the Asserted Patents and (2) knowledge that the accused products infringe the Asserted Patents. But, in its Complaint, Plaintiff merely states K.Mizra provided notice of Asserted Patents and their alleged infringement by "representative Broadcom products … to multiple Broadcom entities … prior to filing this lawsuit." Dkt. 1, ¶ 13. This is a conclusory allegation: K.Mizra does not attach or detail any actual correspondence from K.Mizra to Broadcom Inc. or any related Broadcom entity evidencing such notice. Nor does K.Mizra allege the "multiple Broadcom entities" includes ***Broadcom Inc.***, or identify the "representative Broadcom products" as those that are accused in this Action. Accordingly, K.Mizra fails to plead facts that support a plausible conclusion that it was ***Broadcom Inc.***—and not another Broadcom entity—that was provided notice of the Asserted Patents—or to support a plausible conclusion that Broadcom Inc. had knowledge that the same products named in the Complaint were at risk of infringing the specific Asserted Patents. Thus, this Court should dismiss K.Mizra's claim for indirect and willful infringement for failure to alleged sufficient facts to plausibly support a claim.

## II.    STATEMENT OF RELEVANT FACTS

### A.    Allegations Relevant to Broadcom Inc.'s Motion to Dismiss for Lack of Proper Venue

In its Complaint, K.Mizra alleges that "Broadcom Inc. is a corporation organized under the laws of Delaware with a regular and established place of business in this District." Dkt. 1, ¶ 2. K.Mizra specifically alleges that this includes a location at "2901 Via Fortuna Drive, Austin, Texas." *Id*. K.Mizra alleges that "Broadcom [Inc.] has appointed Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th St., Suite 620 Austin,

Tx 78701, as its agent for service of process." *Id.; see also id.* at 1 (defining "Broadcom" to include Defendant Broadcom Inc.).

K.Mizra does not separately allege venue as to Broadcom Inc. and Broadcom Corp.—and instead alleges venue is proper as to both for the same reason: "Venue is proper in this judicial district under 28 U.S.C. § 1400(b). Broadcom has committed acts of infringement in this district, including by selling products that support Wi-Fi 5, Wi-Fi 6 and/or Wi-Fi 7 … to consumers in this District or using devices that implement Wi-Fi 5, Wi-Fi 6 and/or Wi-Fi 7 at its offices in this District, and it has a regular and established place of business in this District, including at 2901 Via Fortuna Drive, Austin, Texas." *Id.*, ¶ 7.

### B. Additional Facts Relevant to the Corporate Residency of Broadcom Inc.

The Delaware Division of Corporations confirms that Broadcom Inc. is a Delaware Corporation. Ex. A. Public records from the State of Texas demonstrate that Broadcom Inc. is located in California, has no right to transact business in Texas, and has no registered agent in Texas. Ex. B. A ***different entity***, Broadcom Corp.—a subsidiary of Broadcom Inc. that maintains its own independent structure separate from Broadcom Inc.—formerly had a place of business at 2901 Via Fortuna, Austin, Texas but has since transferred to 6500 River Place Boulevard, Austin, Texas 78730. Ex. C, Declaration of Ryan D. Phillips ("Phillips Decl."), ¶¶ 2, 5.

Director and Managing IP Counsel Ryan Phillips confirms that Broadcom Inc. is a Delaware corporation, it is not registered to do business in Texas. Phillips Decl., ¶ 2-3. Broadcom Inc. does not have any regular and established place of business in Texas. *Id.*, ¶ 3. Nor does Broadcom Inc. have any registered agent in Texas. ¶ 3.

### C. Allegations Relevant to Broadcom Inc.'s Motion to Dismiss Indirect and Willful Infringement

K.Mizra does not separately allege pre-suit knowledge of the Asserted Patents or any

alleged risk of infringement for Broadcom Inc. and Broadcom Corp. Instead, K.Mizra alleges that it "provided notice of infringement of the Asserted Patents by representative Broadcom products on multiple occasions—and to multiple Broadcom entities and individuals—prior to filing this lawsuit." Dkt. 1, ¶ 13.

K.Mizra alleges that Broadcom Inc. indirectly infringes the Asserted Patents by inducing infringement of third-parties under 35 U.S.C. § 271(b). Dkt. 1, ¶¶ 26-27, 41-42. In support of its induced infringement claim, K.Mizra alleges "Broadcom had knowledge of the [Asserted Patents] and [their] infringements since notice was provided by K. Mizra and/or filing of this complaint." *Id.*, ¶¶ 26, 41. K.Mizra additionally alleges that Broadcom Inc. has acted "with knowledge, or with willful blindness to the fact, that the acts constitute infringement of the [Asserted Patents]." *Id.*, ¶¶ 27, 42. K.Mizra provides no factual allegations regarding any affirmative act by Broadcom Inc. to remain willfully blind; further, K.Mizra does not attach any correspondence or other evidence of alleged notice to the Complaint.

K.Mizra additionally alleges that Broadcom Inc. willfully infringes the Asserted Patents. *Id.*, ¶¶ 29, 44-45. In support of its willful infringement claims, K.Mizra alleges that "Broadcom was placed on notice of its infringement prior to filing of this complaint." *Id.*, ¶ 45. K.Mizra additionally alleges that "Broadcom was (and is) willfully blind to the Asserted Patents and [their] application to the Accused Products." *Id.* Again, K.Mizra provides no factual allegations identifying any affirmative act by either Broadcom Inc. or Broadcom Corp. to remain willfully blind.

## III.    LEGAL STANDARDS

### A.  Venue in Patent Cases

"Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for 'improper venue.'" *Intirion Corp. v. Coll. Prods.*, 669 F. Supp. 3d 650, 653 (W.D. Tex. 2023)

(quoting FED. R. CIV. P. 12(b)(3)). "[U]pon motion by the [d]efendant challenging venue in a patent case, the [p]laintiff bears the burden of establishing proper venue." *In re ZTE (USA), Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018); *accord Intirion*, 669 F. Supp. 3d at 653. "Plaintiff may carry its burden by establishing facts that, if taken to be true, establish proper venue." *Intirion*, 669 F. Supp. 3d at 653. "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint" (*id.*)—"unless [they are] contradicted by the defendant's affidavits" or other evidence of record. *Delta Elecs., Inc. v. Vicor Corp.*, No. WA-23-CV-00726-KC, 2024 WL 1200328, at *3 (W.D. Tex. Mar. 20, 2024). Indeed, the Fifth Circuit has made clear that, "under … Rule 12(b)(3), the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

Whether venue is proper in this case is governed by 28 U.S.C. § 1400(b), the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. 258, 266 (2017). Under § 1400(b), a patent infringement case may only be brought in "[1] the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." *Intirion*, 669 F. Supp. 3d at 653 (quoting 28 U.S.C. § 1400(b)). Under the first prong of § 1400(b), a domestic corporation "resides" only in its state of incorporation. *TC Heartland*, 581 U.S. at 265. As to the second prong, the Federal Circuit has interpreted the "regular and established place of business" inquiry to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "Failure to satisfy any

statutory requirement requires a finding of improper venue." *Sightline Payments, LLC v. Everi Holdings Inc.*, No. 6:21-CV-01015-ADA, 2022 WL 2078215, at *2 (W.D. Tex. June 1, 2022).

**B. Failure to State a Claim Under Rule 12(b)(6)**

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege sufficient facts that, taken as true, state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011). Courts are not required to accept as true "conclusory allegations or unwarranted deductions of fact." *Milofsky v. Am. Airlines, Inc.*, 404 F.3d 338, 341 (5th Cir. 2005). Rather, "the complaint must have sufficient 'facial plausibility' to 'allow[] the court to draw the reasonable inference that the defendant is liable." *Colida v. Nokia, Inc.*, 347 F. App'x 568, 570 (Fed. Cir. 2009) (alteration in original). And "[t]he plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021).

To state a claim for indirect and willful infringement, a plaintiff must plead sufficient facts to conclude the accused infringer (1) knew of the Asserted Patents and (2) knew of the risk of infringement. *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) ("To state a claim for induced infringement, a plaintiff must allege that the defendant knew of the patent and that the induced acts constitute patent infringement."); *Motion Offense, LLC v. Dropbox, Inc.*, No. 6:23-CV-303-ADA, 2024 WL 5185355, at *1 (W.D. Tex. Aug. 26, 2024) ("To state a claim for relief for willful patent infringement, a plaintiff must allege facts plausibly showing that the accused infringer: '(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its

6

conduct amounted to infringement of the patent.'" (quoting *Parity Nets., LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019))).

While filing and serving a complaint may provide the knowledge requirements for post-suit indirect and willful infringement claims, a Court should dismiss pre-suit indirect and willful infringement claims where the complaint fails to adequately plead knowledge of the patents and infringement ***prior*** to filing suit. *Motion Offense, LLC*, 2024 WL 5185355, at *1, *3; *USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6:20-CV-00555-ADA, 2021 WL 3134260, at *2 (W.D. Tex. July 23, 2021). Where a complaint asserts both pre-suit and post-suit indirect and willful infringement, a Court should dismiss pre-suit claims that fail to meet the pleading standard. *Motion Offense, LLC*, 2024 WL 5185355, at *1; *USC IP P'ship, L.P.*, 2021 WL 3134260, at *2.

## IV.     ARGUMENT

### A.     Venue Is Improper in the Western District of Texas for Broadcom Inc.

Venue in this District is not proper as to Broadcom Inc. because Broadcom Inc. does not reside in this District nor does Broadcom Inc. have any regular and established place of business in this District. *See* 28 U.S.C. § 1400(b); *Intirion*, 669 F. Supp. 3d at 656–57.

#### 1.     Venue is Not Proper Because Broadcom Inc. Does Not Reside in This District

K.Mizra admits, "Broadcom Inc. is a corporation organized under the laws of Delaware" (Dkt. 1, ¶ 2; *see* Phillips Decl., ¶ 2) and thus does not "reside" in Texas for the purpose of the patent venue statute. *Andra Grp., LP v. Victoria's Secret Stores*, L.L.C., 6 F.4th 1283, 1287 (Fed. Cir. 2021) ("Because each Defendant is incorporated in Delaware, no defendant 'resides' in Texas for the purpose of patent venue."); *see, e.g.*, *MDSave, Inc. v. Sesame, Inc.*, No. 6:21-CV-01338-ADA, 2023 WL 353998, at *4 (W.D. Tex. Jan. 11, 2023) ("There is no dispute that Sesame is incorporated in Delaware and therefore does not 'reside' in the Western District of Texas."); *Koss Corp. v. Bose Corp.*, No. 6-20-CV-00661-ADA, 2021 WL 7541417, at *3 (W.D.

Tex. June 22, 2021) ("Koss concedes that Bose is a Delaware corporation and does not reside in the Western District of Texas. … Therefore, it is undisputed that venue is not proper under the first prong of the patent venue statute.").

### 2. Venue is Not Proper Because Broadcom Inc. Does Not Have a Regular and Established Place of Business in This District

Broadcom Inc. also does not have a regular and established place of business in this District. *See* 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or *where the defendant has committed acts of infringement and has a regular and established place of business*.") (emphasis added). *Cray*, 871 F.3d at 1360, 1363 (requiring that the "regular and established place of business" must be "the place of the defendant"). Broadcom Inc. does not own or lease any real estate in this District, possess or control any physical place in this District, own or control shelf space in this District, or have any employees in this District. Phillips Decl., ¶ 3; *cf. Cray*, 871 F.3d at 1363 (noting "[r]elevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place").

To be clear, the place of business allegedly located at "2901 Via Fortuna Drive, Austin, Texas" (according to the Complaint) is *not* a place of business of Broadcom Inc., contrary to K.Mizra's allegation. *See* Dkt. 1, ¶ 2. That office space was formerly leased by a *separate and distinct entity*: *Broadcom Corp*. Phillips Decl., ¶ 5; *see Ambraco*, 570 F.3d at 238 ("[U]nder … Rule 12(b)(3), the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint."). Although *Broadcom Corp*. still maintains a place of business in Austin, Texas, "the place of business of one corporation is not imputed to the other for venue purposes." *Andra Grp.*, 6 F.4th at 1289; *Celgene Corp. v. Mylan Pharms. Inc.*, 17 F.4th 1111, 1125 (Fed. Cir. 2021) (same); *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-

WCB-RSP, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018) ("For purposes of venue, … the courts ordinarily will not treat the place of business of one corporation as the place of business of the other.").

Here, there are no plausible allegations to treat the place of business of Broadcom Corp. in Austin, Texas, as that of Broadcom Inc. for venue purposes. Broadcom Corp. is a separate and distinct subsidiary of Broadcom Inc. *See* Phillips Decl., ¶¶ 2-5. And the "threshold inquiry when determining whether the place of business of one company can be imputed to another, related company is whether they have maintained corporate separateness." *Andra Grp.*, 6 F.4th at 1289. "[W]here related companies have maintained corporate separateness"—as is the case here with Broadcom Inc. and its subsidiary, Broadcom Corp. (*see* Phillips Decl., ¶ 2)—"the place of business of one corporation is not imputed to the other for venue purposes." *Andra Grp.*, 6 F.4th at 1289; *see Bd. of Regents v. Medtronic PLC*, No. A-17-CV-0942-LY, 2018 WL 4179080, at *2 (W.D. Tex. July 19, 2018) ("Except where corporate formalities are ignored and an alter ego relationship exists, the presence of a corporate relative in the district does not establish venue over another separate and distinct corporate relative.").

Put simply, "[t]he presence of a wholly-owned subsidiary is not sufficient to establish venue for the parent corporation, except in the very narrow circumstance where entities 'lack formal corporate separateness, which is a difficult standard to meet and requires proof that the corporations disregard their separateness and act as a single enterprise.'" *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *2 (W.D. Tex. June 19, 2020) (quoting *Soverain IP, LLC v. AT&T, Inc.*, No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017)).

"Even if the companies share a unitary business purpose, the standard would not be met." *Optic153*, 2020 WL 3403076, at *3. Indeed, the Supreme Court has held "that even if a parent corporation controls a subsidiary's operations and the companies share a unitary business purpose, the subsidiary's presence in a venue cannot be imputed to the parent absent disregard for corporate separateness." *Soverain*, 2017 WL 5126158, at *1 (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 334–35 (1925)). To demonstrate such disregard for corporate separateness, a plaintiff "must show that the lines between [the corporate relatives] have become so blurred that the [corporate relatives] become one." *Sightline*, 2022 WL 2078215, at *4. But "[w]here a parent and subsidiary observe corporate formalities, the plaintiff has a heavy burden to establish a degree of control sufficient to impute the subsidiary's jurisdictional contacts to the parent." *Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*, 450 F. App'x 326, 331 (5th Cir. 2011); *accord Nat'l Steel Car Ltd. v. Greenbrier Cos., Inc.*, No. 6:19-cv-00721-ADA, 2020 WL 4289388, at *3 (W.D. Tex. July 27, 2020) ("When the parent and subsidiary observe corporate formalities, a heavy presumption exists that the subsidiary is not an alter ego of the parent entity.").

K.Mizra has failed to shoulder that heavy burden here. K.Mizra's Complaint is devoid of any allegation that Broadcom Inc. and Broadcom Corp. (the Broadcom subsidiary that formerly leased the office at 2901 Via Fortuna, Austin, Texas 78756) lack corporate separateness. *See generally* Dkt. 1; *see also Andra Grp.*, 6 F.4th at 1289–90 (affirming finding of improper venue as to parent where plaintiff failed to argue that parent and subsidiary in the district "have not maintained corporate separateness"). In fact, Broadcom Corp. maintains its own independent structure separate from Broadcom Inc., as established by sworn declaration. *See* Phillips Decl., ¶ 2. *Cf. Soverain*, 2017 WL 5126158, at *1 (dismissing parent "holding company" for improper

10

venue in view of "sworn declaration" that "corporate form has not been disregarded"). In view of these record facts, any bald suggestion otherwise by K.Mizra "would not be sufficient to treat the two corporations as one." *Id.* (dismissing parent "holding company" for improper venue despite plaintiff's contention the parent and subsidiary "should be considered a single entity for purposes of venue"); *see also Andra Grp.*, 6 F.4th at 1289–90.

### 3. There are No Plausible Allegations to Impute Subsidiary Broadcom Corp. Presence in this District to Corporate Parent Broadcom Inc.

Courts in this District routinely and consistently refuse to impute a subsidiary's presence in this District to its corporate parent on similar facts and evidence. For example, in *Board of Regents v. Medtronic*, the court held that Medtronic, Inc. (a Minnesota corporation) did not maintain a regular and established place of business in this District, including because the presence of its subsidiaries in this District could not be imputed to Medtronic, Inc. 2018 WL 4179080, at *1–2. In particular, the operative "San Antonio building" at issue was "leased by [Medtronic] MiniMed, Inc., a wholly-owned subsidiary of Medtronic [Inc.]" and was a "regular and established place of business for Medtronic MiniMed, Inc., and its subsidiary MiniMed Distribution Corp., which are each distinct corporate entities from Medtronic, Inc." *Id.* at *2. The court held that these facts were "insufficient to establish that venue in this district is proper for the [] claims alleged against Medtronic, Inc." because "nothing in the case file that reflects anything other than that these three companies—Medtronic, Inc., Medtronic MiniMed, Inc., and its subsidiary MiniMed Distribution Corp.—are anything other than three separate corporate entities that maintain their corporate separateness." *Id.* at *1–2; *see also Optic153*, 2020 WL 3403076, at *3–4 (finding improper venue because subsidiary's "presence in this District cannot be imputed to Defendant" in light of "independent corporate statuses").

Similarly, in *Sightline Payments v. Everi Holdings Inc.*, the court found venue in this District was improper for Everi Holdings Inc., including because the contacts of its subsidiary, Everi Games, in Austin, Texas could not be imputed to Evering Holdings Inc. for venue purposes. 2022 WL 2078215, at *3–8. "Everi Games maintains a regular and established place of business at its leased Austin offices." *Id.* at *3. But Everi Holdings Inc. "maintain[ed] separate headquarters" and "observe[d] corporate formalities" from Everi Games. *Id.* at *7. And the record showed that "[t]he control Everi Holdings exercises over its subsidiaries … is consistent with that expected of a holding company managing a portfolio of subsidiaries." *Id.* As such, the court found that this District was "not a proper venue" for Everi Holdings Inc. (or any other Everi entities beyond Everi Games). *Id.* at *8; *see also B/E Aerospace, Inc. v. Zodiac Aerospace*, No. 2:16-cv-01417-JRG-RSP, 2018 WL 7140299, at *5–6 (E.D. Tex. Nov. 30, 2018) (finding venue was improper as to a number of "Zodiac" defendants that were "separate from Zodiac Seats, the only defendant with a physical place of business in the district"), *report and recommendation adopted*, 2019 WL 354883 (E.D. Tex. Jan. 28, 2019).

The same is true here with respect to Broadcom Inc. As discussed, Broadcom Inc.'s subsidiaries (including, but not limited to, Broadcom Corp.) maintain their own independent corporate, partnership, or limited liability company status, identity, and structure—separate from Broadcom Inc., the parent holding company. Phillips Decl., ¶ 2; *see Medtronic*, 2018 WL 4179080, at *1–2; *Sightline*, 2022 WL 2078215, at *3–8; *see also Soverain*, 2017 WL 5126158, at *1; *B/E Aerospace*, 2018 WL 7140299, at *5–6. Any conclusory allegation that Broadcom Inc. may "control" its subsidiaries' operations or "share a unitary business purpose" with its subsidiaries is, without substantially more, insufficient to impute any of its subsidiaries' presence in this District to Broadcom Inc. *Cannon*, 267 U.S. at 334–35; *see Sightline*, 2022 WL 2078215,

at *5 ("[T]he Fifth Circuit has repeatedly stated that 'one-hundred percent ownership and identity of directors and officers are, even together, an insufficient basis for applying the alter ego theory."); *Optic153*, 2020 WL 3403076, at *3 ("Even if the companies share a unitary business purpose, the standard would not be met."); *see also Celgene*, 17 F.4th at 1125–26 ("[C]ourts have refused to pierce the veil even when subsidiary corporations use the trade name of the parent, accept administrative support from the parent, and have a significant economic relationship with the parent."); *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 588 (5th Cir. 2010) ("Even where some factors suggest that one entity is the alter ego of another, the maintenance of corporate formalities tips in favor of finding that the entities are not alter egos.").

For all these reasons, venue in this District is improper for Broadcom Inc. under 28 U.S.C. § 1400(b), and K.Mizra's Complaint must be dismissed pursuant to Rule 12(b)(3) as to Broadcom Inc. *See Sightline*, 2022 WL 2078215, at *2 ("Failure to satisfy any statutory requirement requires a finding of improper venue.").

### B. K.Mizra's Pre-Suit Indirect Infringement Claims Should be Dismissed

K.Mizra's pre-suit indirect infringement claims should be dismissed because they fail to adequately plead Broadcom Inc. had knowledge of the Asserted Patents or knew that accused WiFi products infringe. Instead, K.Mizra only pleads conclusory allegations that "K.Mizra provided notice of infringement of the Asserted Patents by representative Broadcom products on multiple occasions—and to multiple Broadcom entities and individuals—prior to filing this lawsuit." Dkt. 1, ¶ 13. But K.Mizra does not identify **Broadcom Inc.** as the Broadcom entity that was provided notice. In order to plead knowledge of the asserted patents, a complaint must allege facts sufficient to conclude that the named defendant—not its corporate affiliates—had knowledge of those patents. *Xiros, Ltd. v. Depuy Synthes Sales, Inc*., No. W-21-CV-00681-ADA, 2022 WL 3592449, at *3–5 (W.D. Tex. Aug. 22, 2022) (dismissing pre-suit indirect claim

because the complaint failed to plead plausible facts to impute knowledge of the patent to a corporate affiliate). Moreover, the complaint is devoid of any factual allegations to support the inference that the "representative Broadcom products" identified by K.Mizra are the same mapped to the Asserted Patents in the Complaint. *Ocean Semiconductor LLC v. Analog Devices, Inc.*, 698 F. Supp. 3d 204, 210 (D. Mass. 2023) (holding there could be no knowledge of infringement where a pre-suit letter did not identify the specific accused product that related to the asserted patent). Finally, because K.Mizra failed to attach any correspondence with any Broadcom entity, the Complaint fails to provide any support for K.Mizra's conclusory allegation that it provided notice of the Asserted Patents and infringement. *BillJCo, LLC v. Apple Inc*., 583 F. Supp. 3d 769, 776-78 (W.D. Tex. B022) (dismissing indirect infringement claim where the patentee failed to attach the notice letter and did not plead any facts regarding its contentions because there were insufficient facts to show the accused infringer had pre-suit knowledge of infringement).

K.Mizra's allegations that Broadcom Inc. was "willfully blind" to the risk of infringement does not save its conclusory allegations. K.Mizra alleges Broadcom Inc. acted "with willful blindness to the fact, that the acts constitute infringement of the [Asserted Patents]." Dkt. 1, ¶¶ 27, 42. Beyond this conclusory statement, K.Mizra does not identify any act taken by Broadcom Inc. to deliberately shield itself from knowledge of infringement. *Xiros, Ltd.*, 2022 WL 3592449, at *4 ("A showing of willful blindness requires that '(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact.'" (quoting *Global-Tech. Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 763 (2011))). K.Mizra's failure to provide factual allegations of a deliberate act to avoid knowledge of infringement does not meet the required pleading standard. *Id.*

K.Mizra fails to plead anything beyond a conclusory statement that it provided pre-suit notice of the patents to **some** Broadcom entity. But this is not enough to raise a plausible inference that it was **Broadcom Inc.** that received notice of the Asserted Patents or that the notice itself identified the WiFi products accused here. Accordingly, K.Mizra only raises a speculation that **Broadcom Inc.** knew of the Asserted Patents and risk of infringement. *Colida*, 347 F. App'x at 570. Though K.Mizra alternatively claims the Complaint provides sufficient knowledge of the Asserted Patents and infringement, that does not save K.Mizra's insufficient factual allegations to support pre-suit knowledge. *USC IP P'ship, L.P.*, 2021 WL 3134260, at *2. Thus, the Court should dismiss K.Mizra's pre-suit induced infringement claims. Dkt. 1, ¶¶ 26-27, 41-42.

## C. K.Mizra's Pre-Suit Willful Infringement Claims Should be Dismissed

K.Mizra's pre-suit willful infringement claim should be dismissed for the same reason as the indirect infringement claim: K.Mizra fails to adequately plead knowledge of the patents and infringement. K.Mizra provides only conclusory statements that it provided "notice of [Broadcom Inc.'s] infringement prior to filing of [the] complaint." Dkt. 1, ¶ 45. But again, K.Mizra provides no factual allegations that it was Broadcom Inc.—and not another Broadcom entity—that received notice of the Asserted Patents or that the notice identified the WiFi products named in the complaint. *Xiros, Ltd.*, 2022 WL 3592449, at *3–5. Moreover, K.Mizra's failure to attach its correspondence with the "multiple Broadcom entities" or describe their contents renders K.Mizra's willfulness allegations nothing more than speculative and conclusory statements. *BillJCo.*, 583 F. Supp. 3d at 776-78. Such bare conclusory allegations are insufficient to plead willful infringement. *Colida*, 347 F. App'x at 570.

As discussed above, K.Mizra relies on an allegation that "Broadcom was (and is) willfully blind to the Asserted Patents and [their] application to the Accused Products." Dkt. 1, ¶ 45. K.Mizra, however, fails to identify or plead an affirmative act Broadcom Inc. took to avoid

learning of infringement. Such bare conclusions are not sufficient to plead willful blindness to the knowledge of patents or infringement. *Xiros, Ltd.*, 2022 WL 3592449, at *4.

Because K.Mizra fails to plead facts supporting a plausible inference that Broadcom Inc. knew of the patents and infringement, K. Mizra has failed to plead pre-suit willful infringement. Again, K.Mizra's post-suit willfulness claims do not save its deficient pre-suit willfulness claims. *Motion Offense, LLC*, 2024 WL 5185355, at *1, *3; *USC IP P'ship, L.P.*, 2021 WL 3134260, at *2. Thus, the Court should dismiss K.Mizra's pre-suit willful infringement claims. Dkt. 1, ¶¶ 29, 44-45.

## V.    CONCLUSION

For the foregoing reasons, Broadcom Inc. respectfully requests that the Court grant its motion and dismiss the Complaint for improper venue under Fed. R. Civ. P. 12(b)(3) as to Broadcom Inc.. Even if the Court does not dismiss the Complaint in its entirety, the Court should nonetheless dismiss K.Mizra's claims of indirect infringement and willful infringement for failure to state a claim upon which relief may be granted, under Fed. R. Civ. P. 12(b)(6).

Dated: June 6, 2025                          Respectfully submitted,

By: */s/ Steve Borgman*
Steve R. Borgman
Texas State Bar No. 02670300
KILPATRICK TOWNSEND & STOCKTON LLP
700 Louisiana, Suite 4300
Houston, Texas 77002
sborgman@ktslaw.com
Phone: (281) 809-4081
Fax:    (281) 990-6826

Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400

Austin, TX 78701
pamstutz@scottdoug.com
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

*Attorneys for Defendant Broadcom Inc.*

**CERTIFICATE OF CONFERENCE**

Pursuant to LR CV-7(g) and the Court's Standing Order Governing Procedures (OGP) 4.4 – Patent Cases, counsel for Defendant Broadcom Inc. confirms that they have complied with the meet and confer requirement. Counsel for Defendant Broadcom Inc. further states that Steven R. Borgman and Kevin M. Bell met and conferred by telephone on June 4, 2025, with Pat Conroy and Peter Tong, counsel for the Plaintiff, regarding the substance of this motion, including but not limited to Broadcom Inc.'s motion to dismiss Plaintiff's claims of indirect infringement and willful infringement and the potential for an agreement to dismiss such claims as set forth in the OGP. Plaintiff opposes the Motion to Dismiss.

*/s/ Steve Borgman*
Steve R. Borgman

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2025, a true and correct copy of the foregoing was served on all counsel of record deemed to have agreed to be served electronically by filing the same with the Court's CM/ECF system, which will send notifications of such filing to all counsel of record.

*/s/ Steve Borgman*
Steve R. Borgman

18